UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TARA EREVIA and<br>MANUEL EREVIA,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BURFORD'S CONSTRUCTION, LLC,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>) CAUSE NO: 1:21-cv-2848<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.  Plaintiffs, Tara Erevia ("T. Erevia") and Manuel Erevia ("M. Erevia") (jointly referred to as "Plaintiffs," unless otherwise stated herein), bring this action against Defendant, Burford's Construction, LLC ("Defendant"), for unlawfully violating their rights as protected by Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981.

## PARTIES

2.  Plaintiffs currently reside in Florida.

3.  Defendant is a corporation that operated within the Southern District of Indiana in 2020.

## JURISDICTION AND VENUE

4.  Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; and 42 U.S.C. § 2000e-5(f)(3).

5.  T. Erevia was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

6.  M. Erevia was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

7.  Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

8. T. Erevia satisfied her obligations to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. The EEOC issued a right-to-sue notice to her. She now timely files her lawsuit.

9. M. Erevia satisfied his obligations to exhaust his administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. The EEOC issued a right-to-sue notice to him. He now timely files his lawsuit.

10. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

11. Defendant hired T. Erevia to be a Spotter in or about late July 2020.

12. T. Erevia worked primarily for Defendant in Indiana.

13. T. Erevia's work performance met or exceeded Defendant's legitimate expectations at all relevant times.

14. Defendant hired M. Erevia to be a Trimmer/Driver on or about January 7, 2020.

15. M. Erevia worked primarily for Defendant in Indiana.

16. M. Erevia's work performance met or exceeded Defendant's legitimate expectations at all relevant times.

17. Plaintiffs are married.

18. Matthew Bowden ("Bowden") is the son of T. Erevia and the step son of M. Erevia.

19. Bowden worked for Defendant in 2020.

20. Starting in or about early September 2020, Ronando Diaz and Junior Diaz (the Diaz brothers) created a hostile work environment for Bowden because of his race (Caucasian).

The harassment was severe or pervasive and altered the terms and conditions of his employment. The Diaz brothers communicated racially-offensive statements to Bowden multiple times between on or about September 8, 2020, and October 5, 2020, including, but not limited to, calling him "white boy," "little white boy," and "sickly little white boy."

21. Bowden complained about the race harassment to General Foreman Gilbert Martinez ("Martinez") and Supervisor Juan Solis ("Solis"). Martinez only laughed at his complaints. Solis told Bowden to quit being a baby and that he had no time for kids' games. Martinez declared to Plaintiffs that Bowden had "mental issues." Defendant took no legitimate actions designed to address the hostile environment.

22. Plaintiffs complained, on Bowden's behalf, multiple times about the race harassment to Defendant, including, but not limited to, Martinez, Solis, and Safety Coordinator Rafael (last name unknown).

23. On or about October 6, 2020, Plaintiffs contacted Human Resources Director Ryan Abernathy ("Abernathy") about the race harassment. Abernathy told them to submit a written complaint to Defendant.

24. At 12:26 p.m. on or about October 6, 2020, Plaintiffs emailed the written complaint of race harassment to Defendant.

25. Later that afternoon, Regional Manager Tanner Parker called Plaintiffs to tell them that Defendant was firing them immediately.

26. Defendant fired M. Erevia because of his statutorily-protected complaints and his association with Bowden and T. Erevia – both of whom complained about the race harassment to Defendant.

27. Defendant fired T. Erevia because of her statutorily-protected complaints.

28. Defendant retaliated against Bowden by transferring him, instead of the Diaz brothers, to another crew.

29. Defendant has accorded more favorable treatment to similarly-situated employees who have not engaged in statutorily-protected conduct.

30. All reasons proffered by Defendant for adverse actions it took regarding Plaintiffs' employment are pretextual.

31. Plaintiffs have suffered injury and harm as a result of Defendant's unlawful actions, including, but not limited to, lost wages, lost benefits, emotional distress, inconvenience, humiliation, embarrassment, anger, disgust, frustration, and similar emotions.

## COUNT I

## RETALIATION – TITLE VII

32. Plaintiffs hereby incorporate paragraphs 1-31 of their Complaint.

33. Plaintiffs complained about race harassment on Bowden's behalf.

34. Defendant fired Plaintiffs because of their statutorily-protected activities, including M. Erevia's marital association with T. Erevia.

35. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiffs' rights as protected by Title VII.

## COUNT II

## RETALIATION – 42 U.S.C. § 1981

36. Plaintiffs hereby incorporate paragraphs 1-35 of their Complaint.

37. Plaintiffs complained about race harassment on Bowden's behalf.

38. Defendant fired Plaintiffs because of their statutorily-protected activities, including M. Erevia's marital association with T. Erevia.

39. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiffs' rights as protected by 42 U.S.C. § 1981.

## REQUESTED RELIEF

WHEREFORE, Plaintiffs, Manuel Erevia and Tara Erevia, by counsel, respectfully request that this Court find for them and order that:

1. Defendant reinstate Plaintiffs to the same positions, salaries, and seniority, or pay front pay and benefits to them in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Plaintiffs;

3. Defendant pay compensatory and punitive damages to Plaintiffs;

4. Defendant pay pre- and post-judgment interest to Plaintiffs;

5. Defendant pay Plaintiffs' attorneys' fees and costs incurred in litigating this action; and

6. Defendant pay to Plaintiffs any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
Bradley L. Wilson, Attorney No.  21154-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:    (317)955-9500
Facsimile:     (317)955-2570
Email:          jhaskin@jhaskinlaw.com
Email:          bwilson@jhaskinlaw.com
Attorneys for Plaintiffs
Tara Erevia and Manuel Erevia

## DEMAND FOR JURY TRIAL

Plaintiffs, Tara Erevia and Manuel Erevia, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
Bradley L. Wilson, Attorney No.  21154-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:    (317)955-9500
Facsimile:     (317)955-2570
Email:          jhaskin@jhaskinlaw.com
Email:          bwilson@jhaskinlaw.com
Attorneys for Plaintiffs
Tara Erevia and Manuel Erevia